IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03014-PAB

DEMETRIO A. VALERGA,

     Applicant,

v.

ERIC HOLDER, JR.,

     Respondent.

---

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

The matter before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], filed on November 4, 2013 by Applicant Demetrio Valerga. On November 6, 2013, this Court ordered Respondent to show cause within twenty-one days why the Application should not be granted [Docket No. 5]. Respondent filed a Response to Order to Show Cause on November 27, 2013 [Docket No. 14]. Applicant filed a Motion to Submit Evidence on December 9, 2013 [Docket No. 17].

The Court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243; *see also Jeter v. Keohane,* 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

## I. BACKGROUND

Mr. Valerga is detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the GEO/ICE processing center in Aurora, Colorado.  Docket No. 1 at 6, ¶¶ 1, 2.  Mr. Valerga is a native and citizen of Argentina, but has lived in the United States since he was fifteen months old.  Docket No. 1 at 9, ¶ 13.  He has been a lawful permanent resident ("LPR") of the United States for more than twenty years.  Docket No. 14-2 at 2; Docket No. 14-4 at 35.

On February 19, 2008, Mr. Valerga was convicted in the Colorado state courts of the felony offense of theft over $15,000 and was sentenced to six years' imprisonment.  Docket No. 1 at 11, ¶ 23; Docket No. 14-3 at 9.  On March 31, 2008, Mr. Valerga was convicted in the Colorado state courts of the felony offense of unauthorized use of a financial transaction device and was sentenced to one year imprisonment.  Docket No. 1 at 11, ¶ 24; Docket No. 14-3 at 12.  On May 20, 2008, Mr. Valerga was convicted in the Colorado state courts of the felony offense of criminal possession of financial transaction devices and was sentenced to fifteen months' imprisonment.  Docket No. 1 at 11, ¶ 25; Docket No. 14-3 at 15.

On February 11, 2011, Mr. Valerga alleges he was released from incarceration in the Colorado Department of Corrections and placed under the supervision and treatment of "Time to Change," a community corrections program that operates a correctional halfway house in Commerce City, Colorado.  Docket No. 1 at 12, ¶ 28; Docket No. 14-2 at 5.  Mr. Valerga alleges that "he was not on parole from the Colorado Department of Corrections" and that "his status was 'halfway house.'"  Docket No. 1 at 12, ¶ 31.

On May 19, 2011, Mr. Valerga was arrested and detained by immigration authorities because of his 2008 felony convictions. Docket No. 1 at 12, ¶ 29; Docket No. 14-2 at 5. He was charged as being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his convictions for a crime defined as an aggravated felony and two crimes involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). Docket No. 14-2 at 2, 6. On May 24, 2011, Immigration Judge James P. Vandello ruled that the immigration court lacked jurisdiction to adjudicate bond. Docket No. 14-2 at 9; Docket No. 14-4 at 10-12. Mr. Valerga remained in ICE custody until June 8, 2011, when his immigration case was administratively closed and he was transferred back to state authorities. Docket No. 1 at 13, ¶ 32; Docket No. 14-2 at 8. Mr. Valerga alleges that he "was transported back to the care of the Colorado Department of Corrections [d]ue to him not being on parole or done with his time." Docket No. 1 at 13, ¶ 32.

On August 28, 2013, Mr. Valerga was released into the custody of ICE for removal proceedings. *Id.* at 13, ¶ 33; Docket No. 14-3 at 1, 3. Immigration officials placed Mr. Valerga in mandatory detention and determined that he would remain in custody pending a final determination in his removal proceedings. Docket No. 14-3 at 7. On September 18, 2013 and September 25, 2013, Immigration Judge Vandello allegedly denied Mr. Valerga's requests for bond. Docket No. 1 at 13, ¶¶ 34-35; Docket No. 14-4 at 38. On October 10, 2013, Immigration Judge Vandello ordered Mr. Valerga removed from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii) as having been convicted of an aggravated felony and sentenced to a term of imprisonment of at least one year. Docket No. 14-4 at 5-7. Mr. Valerga continues to be detained without bond

while his administrative appeal to the Board of Immigration Appeals ("BIA") is pending. [Docket No. 14-4 at 42-45].

## II.  HABEAS APPLICATION

Mr. Valerga asserts four claims in the § 2241 Application.  First, he claims he is a "national" of the United States and cannot be deported or removed pursuant to 8 U.S.C. § 237(a)(2)(A)(ii).  Docket No. 1, at 13-19.  Second, Mr. Valerga asserts that the mandatory detention provision under 8 U.S.C. § 1226(c) does not apply to him.  *Id.* at 19-20.  Third, Mr. Valerga contends that his detention violates the Fifth Amendment Double Jeopardy Clause.  *Id.* at 20.  Finally, he claims that his continued detention violates his Fifth Amendment right to due process.  *Id.* at 21-23.

Mr. Valerga seeks the following relief:

- an individualized hearing and bond determination pursuant to 8 U.S.C. § 1226(a);

- a finding that he is a "national" pursuant to 8 U.S.C. § 101(A)(22)(B);

- a finding that he is not a deportable criminal alien under 8 U.S.C. § 237(a)(2)(A)(ii), § 237(a)(2)(A)(iii), or § 212(a)(2)(A)(i)(I); and

- an order that prevents Respondent from transferring Applicant out of the jurisdiction of this Court during the pendency of this proceeding.

Docket No. 1 at 23.

Respondent answers that this Court lacks jurisdiction to consider Mr. Valerga's claim that he is a "national" of the United States and that this claim is without merit. Docket No. 14 at 7-9.  Respondent also asserts that 8 U.S.C. § 1226(c) applies to Mr. Valerga and that ICE has complied with the mandatory detention provision.  *Id.* at 9-11. Respondent next argues that Mr. Valerga has not been subjected to double jeopardy

because removal proceedings are civil in nature and the constitutional protection against double jeopardy in criminal proceedings does not apply to Mr. Valerga. *Id.* at 11-12. Finally, Respondent asserts that Mr. Valerga's detention without a bond hearing does not violate due process because his detention is mandated by 8 U.S.C. § 1226(c), which has been upheld as constitutionally valid by the United States Supreme Court. *Id.* at 12.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigant

Mr. Valerga is proceeding *pro se*. The court therefore "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montova v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

### B. Jurisdiction and Venue

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 for claims two, three, and four in the Application because Mr. Valerga is currently in the custody of immigration officials in Aurora, Colorado and he asserts that his mandatory detention is not statutorily authorized and that it violates the Fifth Amendment of the Constitution

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *see also United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Venue is proper because Mr. Valerga is in custody in Aurora, Colorado, which is within the geographical boundaries of the District of Colorado.

### C. Exhaustion

Ordinarily, petitioners are required to exhaust their administrative remedies prior to seeking a writ under § 2241. *See Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986 (per curiam). Respondent has not pursued the argument that Mr. Valerga's

claims are barred because he failed to exhaust his administrative remedies.  Moreover, exhaustion of remedies is not required if exhaustion would be futile.  *Goodwin v. State of Okl.,* 923 F.2d 156, 157 (10th Cir. 1991).  Here, Mr. Valerga seeks an individualized hearing and bond determination pursuant to § 1226(a).  In 2011, the immigration judge ruled that there was "no jurisdiction" to make a custody determination and in 2013, he allegedly denied Mr. Valerga's requests for bond.  Docket No. 1 at 13, ¶¶ 34-35; Docket No. 14-2 at 9; Docket No. 14-4 at 38.  Mr. Valerga does not appear to have appealed the custody determination because "the Immigration and Nationality Act prohibits [Mr. Valerga's] release from custody."  Docket No. 14-3 at 7.  In light of the fact that immigration officials have previously ruled that aliens in Mr. Valerga's circumstances are subject to mandatory detention under 8 U.S.C. § 1226(c) and not entitled to individualized bond determinations, *In re Rojas,* 23 I. & N. Dec. 117 (BIA 2001) ("*Rojas*"), the Court finds that any appeal by Mr. Valerga would have been futile.  *See Baquera v. Longshore,* No. 13-cv-00543-RM-MEH, 2013 WL 2423178, *1 (D. Colo. June 4, 2013).

### D.  Statutory Framework

Section 1226 of Title 8 of the United States Code governs the pre-removal detention of an alien.  Section 1226(a) authorizes immigration officials to arrest and to detain or release an alien pending a decision on whether the alien is to be removed from the United States.  An alien has the right under § 1226(a) to a hearing before an immigration judge to determine whether he or she should be released on bond during the removal process.  There is an exception to this broad authority given to immigration

officials to release an alien on bond following a hearing as § 1226(a), by its plain terms, applies in all circumstances "[e]xcept as provided in subsection (c) of this section." This exception, subsection (c), authorizes mandatory detention of certain aliens without a bond hearing. The mandatory detention authorized by subsection (c) itself contains an extremely limited exception in witness protection circumstances not applicable in this case. Section 1226 provides in part:

> (c) Detention of criminal aliens
>
> > (1) Custody
> >
> > The Attorney General shall take into custody any alien who–
> >
> > > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,[1]
> >
> > when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
> >
> > (2) Release
> >
> > The Attorney General may release an alien as described in paragraph (1) only [under limited circumstances related to witness protection].

8 U.S.C. § 1226(c).

## IV. ANALYSIS

### A. Claim One

Mr. Valerga contends that he cannot be deported or removed from the United States because he is a national and not an alien. Docket No. 1 at 13-19. For the

---

[1] Under 8 U.S.C. § 1227(a)(2)(A)(iii), any alien convicted of an aggravated felony is deportable.

reasons explained below, this Court does not have subject matter jurisdiction to review this claim.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The REAL ID Act of 2005 curtailed habeas review by shifting "certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." *Hem v. Maurer,* 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).

Section 1252 of Title 8 of the United States Code governs judicial review of removal proceedings.  Subsection (a)(5), entitled "Exclusive Means of Review," provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[2]  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1362 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

---

[2] 8 U.S.C. § 1252(e), which pertains to judicial review of orders under 8 U.S.C. § 1225(b)(1), does not apply here.

Section 1252(a)(5) "makes a petition for review to an appellate court the sole means of review of an order of removal issued under the [Immigration and Nationality Act], and specifically excludes review under the habeas statutes." *Maurer,* 458 F.3d at 1188 n.3. A claim that a petitioner is a United States national effectively challenges the underlying order of removal. *See, e.g., Omolo v. Gonzales,* 452 F.3d 404, 407 (5th Cir. 2006) (court of appeals had exclusive jurisdiction to review and determine whether petitioner was a national by construing habeas petition that was transferred from district court as petition for review); *see also* 8 U.S.C. § 1252(b)(5)(A) (if no genuine issue of material fact about petitioner's nationality is presented in pleadings and affidavits, then the court of appeals will decide the nationality claim) *and* 8 U.S.C. § 1252(b)(5)(B) (if the court of appeals finds that a genuine issue of material fact exists concerning the nationality claim, the court of appeals will transfer the proceeding to the district court for a new hearing on the nationality claim). Thus, to the extent Mr. Valerga claims he is a national and not an alien, Mr. Valerga is challenging his order of removal and must assert this claim in a petition for review to the Tenth Circuit Court of Appeals.

This finding does not prevent Mr. Valerga from asserting statutory and constitutional challenges to his immigration <u>detention</u> in habeas proceedings. *See, e.g., Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004); *see also* H.R. Rep. No. 109-72, 175, 2005 U.S.C.C.A.N. 140 (May 3, 2005) (Act does not "preclude habeas review over challenges to detention that are independent of challenges to removal orders."). However, Mr. Valerga does not challenge his detention in claim one. Accordingly, the Court lacks jurisdiction to review this claim.

### B. Claim Two

Claim two turns on whether Mr. Valerga is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c) or is entitled to a bond hearing under 8 U.S.C. § 1226(a) during the pendency of his removal proceedings. Mr. Valerga contends that the mandatory detention provision in § 1226(c) does not apply to him because ICE waited over six years after his conviction for the removable state offense to arrest and detain him. Docket No. 1 at 19-20. Respondent argues that § 1226(c) requires detention after the alien is "released" and that Mr. Valerga was detained immediately by ICE officials on the day he was released from state custody. Docket No. 14 at 9-11.

Section 1226(c) provides that any alien who commits any offense covered by the statute is subject to mandatory detention "when an alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1). Only two circuit courts have addressed the meaning of "when an alien is released." *See Hosh v. Lucero,* 680 F.3d 375 (4th Cir. 2012) (denying bond hearing to alien arrested three years after his release on probation based on conclusion that "when" is ambiguous and on its deference to the BIA construction of the statute pursuant to *Chevron* analysis); *Sylvain v. Atty. Gen. of the United States,* 714 F.3d 150 (3rd Cir. 2013) (denying bond hearing to alien arrested four years after his release from prison based on conclusion that "when . . . released" language did not create mandatory deadline to arrest and detain a criminal alien). Numerous district courts, including two district courts in Colorado, however, have adopted a "plain language"

11

approach and have held that the habeas applicants were not subject to mandatory detention under § 1226(c) because they were not detained "when . . . released" from custody. *See, e.g.*, *Baquera,* 2013 WL 2423178, at *4 (holding that mandatory detention did not apply to applicant who was detained by ICE ten years after his "release"); *Hernandez v. Longshore,* No. 13-cv-02675-CMA-BNB, 2013 WL 6132713, *1-2 (D. Colo. Nov. 21, 2013) (same); *see also Valdez v. Terry,* 874 F. Supp. 2d 1262, 1276 (D.N.M. 2012) (holding that mandatory detention did not apply to alien who was not detained immediately upon release from custody and ordering an individualized bond hearing under § 1226(a)); *Ortiz v. Holder,* 2012 WL 893154, at *3 (D. Utah Mar. 14, 2012) ("[T]his court joins the vast majority of federal courts that have addressed this issue . . . and finds that, because Petitioner was not taken into immigration custody when he was released by state officials from his qualifying offense(s), § 1226(c) does not apply, and he is entitled to an individualized bond hearing with an Immigration Judge."). Here, Mr. Valerga was taken into custody by ICE on August 28, 2013, the day he apparently completed his state criminal sentence and was released from the Colorado Department of Corrections. Docket No. 1 at 6, ¶¶ 1, 3 and at 13, ¶ 33. Thus, his case is distinguishable from *Baquera* and *Hernandez.*

Mr. Valerga appears to argue that his conviction of theft in 2008, which was the predicate to him being deportable, was the triggering event for mandatory detention under § 1226(c). *Id.* at 13, ¶ 33, and at 20, ¶ 60. He goes on to argue that immigration officials waited until 2013 to detain him during his removal proceedings. *Id.* Although mandatory detention under § 1226(c)(1)(B) requires an aggravated felony conviction,

§ 1226(c)(1) also requires that the alien be "released." Mr. Valerga acknowledges that he was released from state custody into the custody of ICE on August 28, 2013. *Id.* at 13, ¶ 33. Accordingly, Mr. Valerga was taken immediately into custody by immigration authorities when he was released from state custody. Thus, Mr. Valerga is subject to mandatory detention under § 1226(c) and is not entitled to an individualized hearing and bond review under § 1226(a).

### C. Claim Three

Mr. Valerga contends that his present detention should be considered double jeopardy because he was detained by immigration officials in May 2011 and again in August 2013 for the same criminal misconduct. Docket No. 1 at 20, ¶ 62.

The Double Jeopardy Clause under the Fifth Amendment provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States,* 522 U.S. 93, 99 (1997). Whether a particular punishment is criminal or civil is a matter of statutory construction. *Id.* A removal proceeding is a purely civil action to determine an alien's eligibility to remain in the country, not to punish past transgressions. *I.N.S. v. Lopez-Mendoza,* 468 U.S. 1032, 1038-39 (1984). Thus, various constitutional protections that apply in criminal trials are not required in removal proceedings. *Id.*; *see also United States v. Aguirre-Tello,* 353 F.3d 1199, 1204 (10th Cir. 2004). Because removal proceedings are inherently civil in nature, courts have held that they cannot form the basis for a double jeopardy claim. *See, e.g., De La Teja v. United States,* 321 F.3d 1357, 1364-65 (11th

Cir. 2003) (holding that petitioner's detention during deportation proceedings was civil in nature and thereby precluded application of the Double Jeopardy Clause); *see also United States v. Yacoubian,* 24 F.3d 1, 10 (9th Cir. 1994) (Double Jeopardy Clause inapplicable because deportation proceedings are not criminal in nature); *Gisbert v. United States Atty. Gen.,* 988 F.2d 1437, 1442 (5th Cir. 1993) (alien's detention pending removal did not constitute punishment). Therefore, Mr. Valerga's claim that his detention violates his Fifth Amendment right against double jeopardy is without merit.

### D. Claim Four

Finally, Mr. Valerga asserts that his mandatory detention violates his right to procedural due process. Docket No. 1 at 21-23. This Court has found that Mr. Valerga is subject to mandatory detention under § 1226(c) and that immigration officials complied with the statute by taking Mr. Valerga immediately into custody upon his release from incarceration for his state offense. Mr. Valerga also appears to argue that the mandatory detention provision in § 1226(c) is unconstitutional. *Id.* at 22, ¶ 72.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores,* 507 U.S. 292, 306 (1993). At the same time, however, the Supreme Court has recognized that mandatory detention for the brief period necessary to complete removal proceedings is constitutionally valid. *See Denmore v. Kim,* 538 U.S. 510, 513 (2003). In *Denmore,* the Supreme Court found that mandatory detention of deportable criminal aliens pending removal proceedings served the purpose of preventing such aliens from fleeing prior to their removal proceedings. *Id.* at 527-28. The Court also acknowledged that detention

under § 1226(c) has a definite termination point and that the detention lasts less than ninety days in the majority of cases in which it is invoked, and approximately five months in the minority of cases in which the alien chooses to appeal. *Id.* at 530. Accordingly, the Supreme Court upheld the constitutionality of the "limited period" of mandatory detention under § 1226(c) that was being challenged under *Denmore*. *Id.* at 531 (upholding constitutionality of mandatory detention for deportable criminal alien that was detained for six months during removal proceedings).

Here, Mr. Valerga has been detained under § 1226(c) since August 28, 2013. Docket No. 1 at 6, ¶ 1. His order of removal was entered October 10, 2013, and he informed the immigration judge that he wished to administratively appeal that decision to the BIA. Docket No. 14-4 at 43. Thus, Mr. Valerga's mandatory detention without an individualized hearing falls within the constitutionally permissible period of *Denmore*, and his continued detention under § 1226(c) cannot be said to exceed the bounds of due process.

## V. CONCLUSION

For the foregoing reasons, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], filed by Demetrio A. Valerga on November 4, 2013 is DENIED and claims two, three, and four are DISMISSED on the merits and claim one is DISMISSED without prejudice for lack of jurisdiction. It is further

ORDERED that in forma pauperis status is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is further

ORDERED that Applicant's Motion to Submit Evidence [Docket No. 17] is GRANTED.  The Court has considered the additional information contained in Docket No. 17 in resolving the § 2241 Application.  It is further

ORDERED that Applicant's Petition to Court to Appoint Counsel [Docket No. 15] and Motion for Injunction [Docket No. 16] are DENIED as moot.

DATED January 9, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge